**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

UCHENNA N. OBIANYO,

                Plaintiff,

     v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
DEPARTMENT OF HOMELAND
SECURITY,

                Defendants.

Civ. No. 1:22-cv-04910-NLH

**OPINION AND ORDER**

---

**APPEARANCES**:

UCHENNA N. OBIANYO
1175 MARLKRESS ROAD
CHERRY HILL, NJ 08034

     *Plaintiff appearing pro se*

**HILLMAN**, District Judge

     WHEREAS, this Court received Uchenna N. Obiyano's
("Plaintiff's") Complaint on July 28, 2022 (ECF No. 1); and

     WHEREAS, Plaintiff filed an application to proceed in forma
pauperis ("IFP") on August 11, 2022 (ECF No. 4); and

     WHEREAS, pursuant to 28 U.S.C. § 1915(a)(1), a court may
allow a litigant to proceed without prepayment of fees if he
submits a proper IFP application; and

     WHEREAS, although Section 1915 refers to "prisoners,"

Federal courts apply Section 1915 to non-prisoner IFP applications; see Hickson v. Mauro, No. 11-16304, 2011 WL 6001088, *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); and

WHEREAS, Section 1915(a) refers to a "statement of all assets such prisoner possesses," this section has been applied by courts to the applications of non-prisoners' assets statements; El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 551 n.7 (D.N.J. 2011) (citing Douris v. Middletown Twp., 293 Fed. App'x 130 (3d Cir. 2008); and

WHEREAS, the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner; Peterson v. Weiss, No. 12-5431, 2012 WL 6042795 at *1 (D.N.J. Dec. 3, 2012) (citing Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976)); and

WHEREAS, Plaintiff has filed an IFP application and signed the affidavit under the penalty of perjury regarding his monthly expenses and income; and

WHEREAS, although Plaintiff indicates he has very limited income, he also reports no expenses and further indicates several unexplained sources of future income that appear to or may be sufficient to pay the filing fee, more specifically:

$10,000 due to him from the Internal Revenue Service; an unspecified amount from a class action settlement; and otherwise unspecified "settlement from debt", (ECF No. 4 at para. 6 & 9); and

WHEREAS, leave to proceed pursuant to IFP is based on a showing of indigence; Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009); and

WHEREAS, without further explanation the otherwise vague description of Plaintiff's additional sources of income preclude the Court from finding that Plaintiff is indigent; and

WHEREAS, for a Court to grant IFP status to a litigant, the litigant "must establish that he is unable to pay the costs of his suit"; Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989) and here Plaintiff has failed to do so; and

WHEREAS, a Plaintiff is not entitled to relief merely because he brings an action pro se and has expenses; Greene v. Recovery Ctrs. of Am., No. 21-01176, 2021 U.S. Dist. LEXIS 24398 at *2 (D.N.J. Feb. 9, 2021);

Accordingly,

IT IS on this ___30th___ day of November, 2022

ORDERED that Plaintiff's IFP application (ECF No. 4) be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff is GRANTED LEAVE to refile his IFP application within 30 days of the date of this Order further explaining his sources of income and why those funds are not available to pay the filing fee in this matter; and it is further

ORDERED that, in the alternative, Plaintiff may pay the filing fee within 30 days of the date of this Order; and it is further

ORDERED that in the event that Plaintiff fails to submit a second IFP application or fails to pay the filing fee, the Court will issue an Order dismissing this case without prejudice; and it is further

ORDERED that the Clerk shall mail of a copy of this Order to Plaintiff by regular mail to the address listed on the docket.


                                        s/Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.