```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UCHENNA N. OBIANYO<br><br>    *Plaintiff,*<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES and<br>DEPARTMENT OF HOMELAND SECURITY<br><br>    *Defendants.* | Civil No. 22-04910 (NLH)<br><br>**Memorandum Opinion and Order** |

**APPEARANCES:**

Uchenna N. Obianyo
P.O. Box 2571
Hendersonville, TN 37077

    *Plaintiff appearing pro se*

Brooks E. Doyne
DOJ-USAO
District of New Jersey
970 Broad Street
Suite 700
Newark, NJ 07102

    *On behalf of Defendants*

**Hillman, District Judge**

    WHEREAS, Plaintiff, a native and citizen of Nigeria, was granted Legal Permanent Resident ("LPR") status in the United States on May 10, 1994; and

    WHEREAS, in February 1997, Plaintiff pleaded guilty to three counts of stalking under Tennessee Code Annotated § 39017-315; and

    WHEREAS, in April 2000, Plaintiff pleaded guilty in

Pennsylvania to stalking under 18 Pa.C.S.A. § 2709.1; and

WHEREAS, on October 2, 2001 and April 29, 2004, Removal Orders were issued by the United States Citizenship and Immigration Services ("USCIS") against Plaintiff; however, he was granted withholding and deferred removal under Article 3 of the United Nations Convention Against Torture, 8 C.F.R. § 208.16(c); and

WHEREAS, in September 2012 and April 2013, Plaintiff filed Form N-400s,[1] both of which were denied in November 2013; and

WHEREAS, in August 2014, Plaintiff filed a Request for Hearing on a Decision in Naturalization Proceedings, which was denied in December 2015; and

WHEREAS, in January and April 2016, Plaintiff filed two additional Form N-400s, both of which were denied in August 2016; and

WHEREAS, on March 3, 2017, Plaintiff filed a Complaint in this Court, alleging he was wrongfully denied citizenship, and seeking relief in the form of an appeal of the referenced USCIS decisions, and a mandamus to compel USCIS officers to administer the Oath of Citizenship and grant Plaintiff his Certificate of Citizenship. See Obianyo v. U.S.C.I.S. Pennsylvania, et al., Civil No. 17-1467, ECF No. 1; and

---

[1] A Form N-400 is the Department of Homeland Security's U.S. Citizenship and Immigration Services' Application for Naturalization.

WHEREAS, on March 25, 2019, this Court issued an Opinion and Order, finding it lacked subject matter over Plaintiff's last two Form N-400s, granting Defendants' Motion for Summary Judgment on the remaining Form N-400s because Plaintiff was statutorily ineligible for citizenship as a result of his prior convictions; and denying Plaintiff's mandamus request. Id. at ECF 25; and

WHEREAS, on July 28, 2022,[2] Plaintiff commenced the instant action, in which he again seeks mandamus relief, this time regarding a naturalization application the USCIS has allegedly failed to rule on since October 8, 2013;

WHEREAS, Defendants filed the instant Motion to Dismiss (ECF No. 23) on the basis of res judicata; and

WHEREAS, Plaintiff has failed to respond to said Motion, despite Defendants' communications with him, (ECF No. 24); and

WHEREAS, notwithstanding Plaintiff's failure to respond, this Court will address Defendants' motion on the merits; and

WHEREAS, as a preliminary matter, "8 U.S.C. § 1447(b)

---

[2] Plaintiff initially submitted his Complaint on July 28, 2022. (ECF No. 1.)  However, he did so without seeking in forma pauperis status or paying the required fee.  Upon being notified of this deficiency, Plaintiff submitted an Application to Proceed In Forma Pauperis. (ECF No. 4.)  His application was denied on November 30, 2022. (ECF No. 5.)  On January 31, 2023, Plaintiff attempted to file what appears to be a supplement to ECF No. 1 and provided the Clerk of Court with a money order for the incorrect amount. (ECF No. 9.)  On February 9, 2023, Plaintiff paid the appropriate filing fee and both his original Complaint (ECF No. 1) and apparent supplement (ECF No. 9) were officially filed of record.

provides that if the Attorney General (now USCIS) fails to make a decision regarding a naturalization application within 120 days after an examination is conducted, the applicant may apply to a district court in which the applicant resides for a hearing on the matter. The district court may 'determine the matter or remand the matter, with appropriate instructions' to USCIS." Fominyam v. Borgen, Civil Action No. 16-411, 2019 U.S. Dist. LEXIS 249599, at *4 (D.N.J. April 1, 2019) (citing 8 U.S.C. § 1447(b)); and

WHEREAS, "however, 'no application for naturalization shall be considered by the [USCIS] if there is pending against the applicant a removal proceeding.'" Id. (citing 8 U.S.C. § 1429); see also Zegrean v. AG of the United States, 602 F.3d 273, 275 (3d Cir. 2010) (finding that as long as removal proceedings remain pending, the petitioner could "not establish[] prima facie eligibility for naturalization[.]"); and,

WHEREAS, it has already been established that on October 2, 2001 and April 29, 2004, Removal Orders were issued against Plaintiff but withholding and deferred removal were also granted, thereby rendering the removal "pending" in October 2013.  See Obianyo, Civil No. 17-1467, ECF No. 25 at 3 n.2;[3] see

---

[3] It is well settled that a court may take judicial notice of "letter decisions of government agencies and published reports of administrative bodies." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. 1993)(internal citations omitted).  At the time Immigration Judge Walter A. Durling granted withholding and deferment of removal Plaintiff's

4

also Ajlani v. Chertoff, 545 F.3d 229, 231 (2d Cir. 2008) ("The district court could not direct defendant [USCIS] to admit the alien to citizenship while removal proceedings were pending against the alien because 8 U.S.C.S. § 1429 clearly prohibited the [USCIS] from making a final determination on naturalization while a removal proceeding was pending against the alien and the alien could not claim a form of relief pursuant to 8 U.S.C.S. § 1447(b) that was forbidden by § 1429."); Obianyo, Civil No. 17-1467, ECF No. 18-6 at 2 (confirming Plaintiff "remain[s] subject to a final order of removal" even though he was granted a withholding/deferment); Id., ECF No. 18-5 at 2 (finding Plaintiff was not eligible for naturalization because of an "unexecuted removal order" and citing Section 318 of the Act, stating "no person shall be naturalized against whom there is outstanding a final finding of deportability[.]"); and

WHEREAS, to Defendants' point, "res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." Duhaney v. AG of the United States, 621 F.3d 340, 347 (3d Cir. 2010); and

WHEREAS, Plaintiff could have raised his current claim arising out of a 2013 naturalization application in his 2017 Complaint, yet failed to do so; and

WHEREAS, based upon the facts and findings set forth in

---

application for cancellation of removal was specifically denied. Obianyo, Civil No. 17-01467. (ECF No. 18-4 at 6, 13.)

this Court's Opinion dated March 26, 2019 (<u>Obianyo</u>, Civil No. 17-1467, ECF No. 25), Plaintiff's instant claim is barred by the doctrine of res judicata and must be dismissed; and

THEREFORE, having considered Defendants' Motion to Dismiss in conjunction with the foregoing,

**IT IS** on this 19th day of January 2024,

**ORDERED** that Defendants' Motion (ECF No. 23) be, and the same hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF Nos. 1, 9) be, and the same hereby is, **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that the Clerk of Court shall mark this matter as **CLOSED**; it is further

**ORDERED** that a copy of this Order be sent to Plaintiff by regular mail to his address on the Docket.


At Camden, New Jersey          /s/ Noel L. Hillman
                               Noel L. Hillman, U.S.D.J.

6